UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUCRE, INC.,

        Plaintiff,

Case No. 1:07-CV-120

v.

Hon. Richard Alan Enslen

VERIZON NORTH, INC. and
CONTEL OF THE SOUTH, INC.,
d/b/a VERIZON NORTH SYSTEMS,

        Defendants.

**OPINION**

_____/

Recipe:      Add one part bankruptcy, one part telecommunications and one part arbitration law; Mix thoroughly with procedural complications not anticipated by Congress or the Federal Courts; bake in the oven of contention and disputed proceedings; and remove--a perfect mess.

This matter is before the Court on Plaintiff Lucre, Inc.'s Motion to Vacate and Defendants Verizon North, Inc. and Contel of the South, Inc.'s Motion to Confirm Arbitration Award entered December 19, 2006. These Motions have been sufficiently briefed. In addition, the Court has requested and received supplemental briefing addressing legal questions arising because Plaintiff has filed bankruptcy. Supplemental motions have also been filed. Oral argument is unnecessary in light of the briefing received. *See* W.D. Mich. L. Civ. R. 7.2(d).

**BACKGROUND**

Plaintiff is a Michigan telephone company with its principal business location in Grand Rapids, Michigan. (Compl. ¶ 1.) Defendants are Georgia corporations with principal business locations outside of Michigan. (*See* Compl. ¶ 2; Notice of Removal ¶ (a).) Defendants, nevertheless, do provide telephone services in Michigan under the trade name of Verizon North Systems. (*Id.*)

From April/June 2001 to present, Plaintiff and Defendants entered into an Interconnection Agreement.[1]  (Compl. ¶ 3.)  Paragraph 13.3 of article III of the Agreement required the parties to submit disputes arising out of or related to the Agreement to arbitration.  (Compl. ¶ 5.)   Plaintiff submitted a demand for arbitration to the American Arbitration Association on May 18, 2006, seeking total damages over 4.3 million dollars for contribution toward facility charges, for reciprocal compensation for the service of terminating calls originating with other customers, and for reciprocal compensation for IntraLATA call terminations.[2]  (Compl., Ex. 1 at 2-4.)  The arbitration was decided against Plaintiff and the arbitration decision was transmitted to the parties on December 21, 2006. (Compl., Ex. 1, cover letter.)

_____

[1]The Agreement was signed on April 9, 2001 and submitted to the Michigan Public Service Commission for approval, which approval was granted on June 5, 2001. (Compl., Ex. 1 at 2.)   Such interconnection agreements are part of the telecommunications parlance deriving from the Telecommunications Act of 1996, which established a new legal framework for telecommunications competition between "incumbent local exchange carriers" ("ILECs"), those entities which provided local exchange services on February 8, 1996 and/or successors or assigns to those entities, *see* 47 U.S.C. § 251(h)(1), and "competitive local exchange carriers" ("CLECs"), those entities which compete with ILECs for local exchange business.  *See also Verizon North, Inc. v. Strand*, 140 F. Supp. 2d 801 (W.D. Mich. 2000) (discussing 1996 Act).

[2]IntraLATA toll charges are charges for terminating non-local calls when the call is made within the same LATA.  This is telecommunications-speak flowing from the Sherman Act suit which required AT&T to divest its ownership of local telephone exchanges.  *See United States v. American Tel. & Tel. Co.*, 552 F. Supp. 131, 186 (D.D.C. 1982) (approving consent decree). "The acronym 'LATA' stands for 'Local Access and Transport Area.' . . . . [T]he decree speaks of the areas in which the Operating Companies will provide post-divestiture services as "exchange areas."  Since traditionally regulators have used the term "exchange area" in an entirely different sense, . . . [t]he [resulting] confusion . . .  prompted AT&T to suggest . . . that the phrase 'local access and transport area,' with the acronym LATA, be employed when referring to the exchange area that is the creation of this antitrust decree, to distinguish it from the traditional exchange area defined by the various local regulators." *United States v. Western Elec. Co., Inc.*, 569 F. Supp. 990, 993-94 n.9 (D.D.C. 1983).

Plaintiff filed suit on January 12, 2007 in the Kent County Circuit Court seeking an order vacating the Arbitration Award in favor of Defendants. (Compl. 1.) The suit was then removed by Defendants on February 5, 2007 to this Court pursuant to 28 U.S.C. § 1446 (the removal statute) and premised on the Court's diversity jurisdiction (Notice of Removal 1-2.)

Plaintiff's filing of the Complaint post-dated Plaintiff's filing of a Chapter 11 petition in bankruptcy on October 21, 2005, bankruptcy case no. 05-21732. (Br. in Support of Mot. by Chapter 11 Trustee 2.) After filing suit, Plaintiff continued to manage its business as a debtor-in-possession consistent with 11 U.S.C. § 1107. The Chapter 11 Trustee was not appointed until February 2007.

On April 3, 2006, Plaintiff and Defendants filed a Stipulated Order with the Bankruptcy Court which granted relief from the automatic stay in bankruptcy (11 U.S.C. § 362) in order to facilitate the above described arbitration between Plaintiff and Defendants, including the adjudication of claims and cross-claims in arbitration. The Stipulated Order was approved by the Bankruptcy Court on April 18, 2006. (*Id.* at 3; Dkt. No. 19, Ex. 3.) Plaintiff also during the course of the bankruptcy proceedings filed an objection to the Proof of Claim of Defendants which duplicated its position in the arbitration, but did not assert an affirmative claim for money damages. (Dkt. No. 19 at 4.) Because this objection was not adjudicated by the Bankruptcy Court, the Chapter 11 Trustee draws the inference that the Bankruptcy Court was treating the Stipulated Order as a stay order with the permission of the parties. (*Id.*) The Trustee also takes the position that the objection created a "core proceeding" under 11 U.S.C. § 157(b)(2), but the mandatory reference of such a core proceeding to the bankruptcy court should be withdrawn pursuant to 28 U.S.C. § 157(d).

In connection with the supplemental briefing, the Trustee has filed a motion requesting that the Court not refer this matter to the Bankruptcy Court and instead withdraw reference of this matter

3

pursuant to 28 U.S.C. § 157(d).  The same motion requests that the Court permit the substitution of

the Chapter 11 Trustee in the stead of Plaintiff Lucre, Inc.  (*See* Dkt. 19 at 8-10; Motion for Order

by Chapter 11 Trustee 1-2.)   Defendants in their supplemental briefing characterized this suit as

neither a core proceeding nor a non-core proceeding, but nevertheless share the Trustee's position

that the Court should retain this suit and not refer it to the Bankruptcy Court.  (Dkt. No. 21 at 4-10.)

## BANKRUPTCY STATUTES AND AUTHORITIES

The following statutes are pertinent to an analysis of the Court's jurisdiction over this suit

and its disposition of the suit while a bankruptcy matter involving the arbitration claims is pending:

Title 28 U.S.C. § 157(a) provides:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a).

Section 157(a) is implemented in the Western District of Michigan by Western District of

Michigan Local Civil Rule 83.2(a), which provides:

> Pursuant to the powers granted by 28 U.S.C. § 157(a) any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 previously filed or hereafter filed shall be referred to the bankruptcy judges of this district.

W.D. Mich. L. Civ. R. 83.2(a).

Title 28 U.S.C. § 157(b)(2)(B)-(C) further defines "core" proceedings to include "allowance

or disallowance of claims against the estate" and also "counterclaims by the estate against persons

filing claims against the estate[.]"

4

Notwithstanding the above authorities mandating referral of "core proceedings" to the bankruptcy court, Title 28 U.S.C. Section 157(d) authorizes a district court to permit withdrawal of a reference in whole or part:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Section 157(d) is implemented by Local Bankruptcy Rule 5011:

(a) *Form of Request; Place for Filing* – A request for withdrawal, in whole or in part, of the reference of a case or proceeding referred to the Bankruptcy Court, other than a sua sponte request by a bankruptcy judge, shall be by motion filed with the Clerk of the Bankruptcy Court. The motion must clearly and conspicuously state that "RELIEF IS SOUGHT FROM A UNITED STATES DISTRICT JUDGE."

(b) *Time for Filing* – Except as provided below as to adversary proceedings and contested matters, a motion to withdraw the reference of a whole bankruptcy case shall be served and filed at or before the time first scheduled for the meeting of creditors held pursuant to 11 U.S.C. Section 341(a). Except as provided below as to contested matters, a motion to withdraw the reference of a whole adversary proceeding or any part of an adversary proceeding shall be served and filed on or before the date on which an answer, reply or motion under Bankruptcy Rule 7012 or 7015 is first due. A motion to withdraw the reference of a contested matter within a case shall be served and filed not later than 15 days after service of the motion, application or objection which initiates the contested matter. Notwithstanding the foregoing, a motion to withdraw the reference may be served and filed not later than 15 days after service of any timely-filed pleading or paper in which the basis for the motion first arises.

(c) *Stay* – The filing of a motion to withdraw the reference does not stay proceedings in the Bankruptcy Court. The procedures relating to stay shall be those set forth in Fed. R. Bankr. P. 5011.

(d) *Designation of Record* – The moving party shall serve on all interested parties and file with the Clerk of the Bankruptcy Court, together with the motion to withdraw the reference,

5

a designation of those portions of the record of the case or proceeding in the Bankruptcy Court that the moving party believes is reasonably be necessary or pertinent to the United States District Court's consideration of the motion. Within 10 days after service of such designation of record, any other party may serve and file a designation of additional portions of the record. If the record designated by any party includes a transcript of any hearing or trial, or part thereof, that party shall immediately after filing the designation, deliver to the Bankruptcy Court's electronic court recorder operator a written request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any action necessary to enable the Clerk to assemble and transmit the record.

(e) *Responses to Motions to Withdraw the Reference; Reply* – Opposing parties must file with the Clerk of the Bankruptcy Court, and serve on all parties to the matter for which withdrawal of the reference has been requested, their written responses to the motion to withdraw the reference, within 10 days after being served with a copy of the motion. The moving party may serve and file a reply within 10 days after service of a response.

(f) *Transmittal to and Proceedings in United States District Court* – When the record is complete for purposes of transmittal, but without awaiting the filing of any transcripts, the Clerk of the Bankruptcy Court shall promptly transmit to the Clerk of the United States District Court the motion and the portions of the record designated. After the opening of a docket in the United States District Court, documents pertaining to the matter under review by the United States District Court shall be filed with the Clerk of the United States District Court, but all documents relating to other matters in the bankruptcy case or adversary proceeding or contested matter shall continue to be filed with the Clerk of the Bankruptcy Court.

W.D. Mich. LBR 5011 (effective Feb. 1, 2007.)[3]

## BANKRUPTCY ANALYSIS

### 1. Standing and Substitution

In the context of the supplemental briefing, this Court was originally concerned about the standing of Plaintiff to assert legal claims on behalf of the bankruptcy estate due to the holding of *In re Darrah*, 337 B.R. 313 (Bankr. N.D. Ohio 2005). *Darrah* dismissed a lawsuit brought by the

---

[3]While the Local Rules were amended in February, no substantive changes were made to LBR 5011.

debtor because the suit was not brought by the Chapter 7 trustee, but by the debtor after the appointment of the trustee and without abandonment of the lawsuit claims to the debtor.  In this context, the debtor lacked standing and the bankruptcy court lacked jurisdiction over the claims.  *Id.* at 317.

This case is distinguished from that of *Darrah.*  In this instance, the suit was filed by the debtor-in-possession before the appointment of the bankruptcy trustee.  Therefore, pursuant to 11 U.S.C. § 1107, the debtor had standing to bring this suit when it was commenced.  The latter appointment of the Chapter 11 Trustee does not jeopardize the status of a suit that was properly brought.  Federal Rule of Civil Procedure 25(c) provides in pertinent part that,

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted . . . .

Fed. R. Civ. P. 25(c); *see also* Fed. R. Civ. P. 17.  While the jurisdiction over this suit is not jeopardized, the Trustee has moved consistent with Rule 25 for his substitution and this motion will be granted to facilitate his control over the assets and expenses of the estate, including the dispensation of this suit.

### 2. Bankruptcy Referral and Withdrawal

While there is jurisdiction over this suit, there is no agreement by the parties as to whether or not the suit is a bankruptcy "core" proceeding for the purposes of 28 U.S.C. § 157(a)-(b).  Upon review of the arguments on this issue, the Court determines that the Trustee's position is most persuasive.  This is because it best appreciates what transpired before the Bankruptcy Court and the fact that the arbitration which is now subject to challenge was being used by the parties as a *de facto*, if not *de jure*, means of adjudicating objections to a proof of claim and deciding counterclaims

pertinent to the proof of claim.  Because the arbitration proceedings were used in this fashion, under the language of section 157(b), this was a core proceeding.  *See In re Asousa P'ship*, 276 B.R. 55, 66 (Bankr. E.D. Pa. 2002).

Having determined that this is a core proceeding, the next question raised in the context of the briefing is whether the Court should refrain from the near-universal rule of reference for such a matter under W.D. Michigan Local Civil Rule 83.2(a) and instead withdraw the reference pursuant to 28 U.S.C. § 157(d), either under the first sentence (permissive withdrawal) or the second sentence (mandatory withdrawal).  In deciding these issues, the Court is cognizant of the parties' agreement to the withdrawal of reference as a means of expediting the resolution of the suit.  Nevertheless, the Court finds for the reasons stated below that neither law nor sound policy favor withdrawal of reference in this instance.

Beginning with the subject of mandatory withdrawal, the case law cited by the Trustee–*In re Kiefer*, 276 B.R. 196, 198 (E.D. 2002)–states, consistent with the statutory language, that withdrawal is mandatory when a movant establishes: (1) the movant is a party; (2) the motion is timely; and (3) the resolution of the proceeding before the Bankruptcy Court requires consideration of both Title 11 and another federal law regulating organizations or activities affecting interstate

commerce.[4]  *Id.*  This statement of the requirements for mandatory withdrawal of a reference poses an initial question, namely, whether this motion is timely.

LBR 5011 dictates whether this motion to withdraw reference is timely or not.  Under the customary rules, a motion to withdraw reference must ordinarily be filed before the first meeting of creditors, which occurred long ago in the bankruptcy case.  The exception is the last sentence of LBR 5011(b) for motions made within 15 days of the filing of a court paper in which the basis for removal first arises.  Arguably the exception is applicable because the removed suit was not within either the Bankruptcy Court or District Court's jurisdiction until it was removed on February 5, 2007.  Assuming the last sentence applies, then the deadline for requesting withdrawal of reference was February 20, 2007.  In this instance, the motion to withdraw the reference (retain jurisdiction) was not filed until May 1, 2007.  While this was within the deadline for filing supplemental briefing regarding the cross-motions to confirm or vacate the arbitration award, the Court granted no enlargement for the delayed filing of a motion to withdraw a reference.  As such, the motion was untimely.  *See also In re Cyberco Holdings, Inc.*, 2005 WL 2704508, *1-2 (W.D. Mich. Oct. 20, 2005) (unpublished).

Given the untimeliness of the motion, both mandatory and permissive withdrawal of reference should be rejected.  Both motions should also be rejected because of other non-compliance

---

[4]The third requirement as explained in *Kiefer* took a broad view of mandatory withdrawal under section 157(d), one which would promote ready withdrawals of reference.  This District has already opted for a narrow reading of the third requirement, one which limits cases of mandatory withdrawal to those in which the "resolution of the claim will require substantial and material consideration of non-Code statutes."  *In re Auto Specialties Mfg. Co.*, 134 B.R. 227, 228 (W.D. Mich. 1990).  This view of the statute is the majority approach.  *See In re Holman*, 325 B.R. 569, 572 (E.D. Ky. 2005).  The instant case does not meet the third requirement since the suit is expressly based on state law (a state court rule) and the federal statute implicated, the Federal Arbitration Act, has been extensively interpreted by existing precedent.  *Id.*

9

with LBR 5011.  This motion was not initiated in the Bankruptcy Court; and a proper bankruptcy record was not designated nor transmitted.  In short, the Rule was ignored.  While the Court does recognize that the Rule itself was not written for the context of an action removed to the District Court, the Court also recognizes that when a core proceeding is transmogrified for the benefit of the parties, then better and more timely efforts to comply with the Rules, to the extent possible, should be made.

Finally, forgetting for the minute the untimeliness and other procedural noncompliance, this Court nevertheless does not approve of permissive withdrawal of reference.  The standards for permissive withdrawal of reference involve consideration of: (1) whether the claim is core or non-core; (2) what is the most efficient use of judicial resources; (3) what is the delay and what are the costs to the parties; (4) what will promote uniformity of bankruptcy administration; (5) what will prevent forum shopping; and (6) other related factors.  *In re Cyberco Holdings, Inc.*, 2005 WL 2704508 at *2 -3 (citing *In re Orion Pictures Corp.,* 4 F.3d 1095, 1101 (2d Cir. 1993) and *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990)).

Such factors do not favor permissive intervention in this suit.  The substance of the suit is a core proceeding before the Bankruptcy Court–the resolution of objections to a proof of claim.  Core proceedings are routinely handled by the Bankruptcy Court due to its expertise in bankruptcy law, but also because of the division of labor created by acts of Congress between the bankruptcy courts and the supervising district courts.  This Court simply lacks the necessary staffing and resources to make quotidian rulings on matters within the purview of the bankruptcy court.  Congress in its wisdom intended that core bankruptcy rulings be routinely dispensed by the bankruptcy courts.  The Court finds that this is the most efficient use of judicial resources, including within this case.  As to

10

the dispute itself, the challenge to the arbitration decision is phrased in terms of state law, Michigan

Court Rule 3.602(J), something well within the ken of the Bankruptcy Court.  Although it is argued

persuasively by Defendants that the pertinent standards for review of the arbitration award are those

under the Federal Arbitration Act and not those under state law, the general federal standards for

arbitration approval and disapproval are well defined by existing federal case law such that this case

does not present an instance for legal analysis which is likely to involve a "substantial or material"

consideration of non-bankruptcy statutes.  *See Holman*, *supra*.  It is true that the District Court could

more promptly rule on this motion.  Nevertheless, any delay caused by referral to the Bankruptcy

Court should be short.  Such referral would also promote uniformity of bankruptcy administration

and avoidance of forum shopping by emphasizing the expectation that core bankruptcy matters be

adjudicated by the bankruptcy courts in the first instance.

      In saying so, the Court does not wish to discourage the use of arbitration to determine

bankruptcy claims and objections, particularly in areas like telecommunications where this is the

expectation of federal arbitration.  The Court does wish, however, to encourage the Bankruptcy

Court and parties to make provision within the bankruptcy proceedings themselves for later hearings

and proceedings to confirm or vacate the expected arbitration awards, particularly when those

matters pertain to core bankruptcy proceedings.

      Accordingly, the Court finds that the withdrawal of reference is improper in this case.  As

such, an Order shall issue referring this suit to the United States Bankruptcy Court for the Western

District of Michigan for resolution in connection with United States Bankruptcy Case No. 05-21732.

This suit will be administratively closed as a consequence of the referral.

## **CONCLUSION**

An Order shall enter consistent with this Opinion granting substitution of the Trustee, but referring this case to the United States Bankruptcy Court for the Western District of Michigan for resolution in connection with United States Bankruptcy Case No. 05-21732.

/s/ Richard Alan Enslen

DATED in Kalamazoo, MI:      RICHARD ALAN ENSLEN
    May 21, 2007           SENIOR UNITED STATES DISTRICT JUDGE